OPINION of the Court, by
Ch. J. Hoyle.
On the 30th of May U84, Philip Philips executed to Isaac Morrison an instrument under seal, whereby he bound himself to procure an assignment to Morrison of one equal fourth part of sixty thousand acres of land warrants, then entered iii the name of George Wilson, as-signee, &c. on Panther creek, a branch of Green'river.
Upon this instrument, Daniel Morrison, as executor of Isaac Morrison, on the 13th of December 1809, brought an action of covenant against Michael Campbell, executor of said Philips. Issue was joined on the plea of covenants performed.
On the trial of the cause a bill of exceptions was taj ken by the defendant in the action-, from which it ap-¶ pears that he relied on the presumption of a performance arising from the lapse of time ; that the plaintiffj to repel the presumption, proved by a witness that about! eleven or twelve years alter the execution of the instru-j ment, Philips removed lrom this state^ whither he re? turned in about two years and died ; that the defendant, at his testator’s death, resided in this state, and continued to do so until about two years before the trial of the cause ; ■ that Isaac Morrison was absent in the state of New-Jersey for two years, shortly after the execution of the instrument: and the witness also stated that he had been intimate with the plaintiff for ten or eleven, years, and never heard him say he had any claim upori the defendant. Upon this testimony, together with the written evidence filed in the cause, the court directed the: jury rebutted the legal presumption that the covenant had been discharged. A verdict and judgment were given for the plaintiff, to which the defendant has prosecuted this writ of error.
Two questions arise in this case — 1st, Whether thé lapse of time would justify a presumption of the performance of the covenant ? And if so, 2d, Whether the court erred in directing the jury that the evidence in the cause rebutted the presumption ?
In support of the negative of the first question, it was contended that there being no time specified for the performance of the covenant, the covenantor, unless hastened by request, had his’ whole life to perform it} *106 and as twenty years, the length of time in which the presumption of performance would attach, had not elapsed since his death, the presumption could not be justified.
This argument cannot be admitted to be correct. Where there is no time fixed for the performance, if the thing to be done be local, the party who has contracted the obligation to perform it, will have during his life to do it in, unless hastened by request; but if it be transitory, he will be bound to perform if in a convenient and reasonable time ; and if he fail in the performance, although there may have been no special request, he will be liable for a breach of his contract. This distinction is abundantly established by English authorities, and was recognized by this court in the case of Clay vs. Huston's administrators (l vol. 461). A thing contracted to be done, may be local in its na'ure, or may be made so by the stipulation of the parties. But the duty which is covenanted to be performed in this Case, is neither in its nature local, (lor it might be done any where,) nor is it made local by the covenant of the parties. it results, therefore, that the covenantor was bound to proceed immediately to the execution of the duty which he had covenanted to perform, and to complete the performance of it in a convenient and reasonable time.
But again, it is contended that the presumption is applicable only to the case of an obligation for the payment of money, and not to a covenant for the delivery of property or the performance of other duty. It is believed that the reported cases are generally of the former description ; but the principle upon which the presumption is founded, applies as strongly, if not more so, to those of the latter kind.
Payment of a bond for money, after a lapse of twenty years, where there has been no demand on the one side, or ai knowledgment on the other, and no circumstance is shewn which could have hindered or impeded the recovery, is presumed, because the existence of the debt, under thuse circumstances, is incompatible with the ordinary motives and the general course of human conduct. The presumption of payment in such a case, arises, therefore, from what is commonly observed to happen in the transactions between man and man. *107 Now as a covenant for the payment of property may in general be easily performed by the one party, and in proportion to the value must be of the same importance to the other to have it performed as if it were a bond for the payment of money, the lapse of time must afford as strong reason to infer a performance in the one casp as it does to infer a payment in the other ; and accordingly experience shews that there is as great a degree of punctuality commonly observed in the performance of such a contract, as there is in the payment of a debt due by bond. We are therefore of opinion that the jury might justifiably presume a performance from the lapse of time in this case.
As tb the second question, the court, we think, had no right to instruct the jury that the evidence on the part of the defendant rebutted the presumption arising from the lapse of time. That presumption may undoubtedly be repelled by circumstances, and whether the evidence of such circumstances is admissible or not, properly belongs to the court to decide ; but the jury is the legal and constitutional tribunal to determine the weight of the evidence.
The presumption of payment or performance arising from the lapse of time, may be stronger or weaker according to the nature of the case ; and the jury alone, as was decided in the case of Shields and Pringle, (2 vol. 387) must judge of the weight of the presumption j and as the circumstances intended to repel the presumption, may in like manner, according to the nature of those circumstances, be entitled to more or less weight, by a parity of reason their weight can only be determined by a jury.
The judgment must be reversed with costs, and the cause remanded for new proceedings.