Judge Owsley
delivered the opinion of the court.
This is a contest for lands under adverse claims. The •appellees claim the land under the senior grant from the commonwealth, but the superior equity is asserted by the appellants, under a military survey in the name of Audley ¡Paul.
After having perfected his title, Paul conveyed, bv metes and bounds, part of bis claitn to the appellant, William Tilford, and the balance to the appellant, Grant, who, thereafter, conveyed a part thereof to the appellant, Alexander Tilford, and all of whom, for the purpose of obtaining a surrender of the titles to the respective portions of Paul’s survey, joined in the prosecution of the present suit against the appellees.
The cause having been brought to a final bearing, the court below pronounced a decree, compelling the appellees to surrender the title to so much of the land claimed by the appellants, as is contained within the courses and distances of Paul’s survey, when extended from the corner A, marked on the connected plat, and proven to be the beginning corner; but, for the balance of the land claimed, but. which is not included within these courses and distances, the appellees were decreed to have the better right.
The appellants, however, supposing the boundary as claimed by them sufficiently established, have brought the cause before this court.
Although we have found it necessary, in order to arrive Rt a satisfactory result, to bestow a strict attention to the exhibits and depositions taken in the cause, yet, as they relate exclusively to a question of boundary, and involve no *484 new principles, a minute specification of the facts which the v°lunie °f evidence throughout the record conduces to prove, is thought to be unnecessary.
Surplus in a wyllwíilS be decreed against an el-dei patento, rant, if die serve ot the ancient corn-neis shou,d have beende-s 10je '
Persons derivmg dis-estsfrom different sources of title, cannot^umte chancery:but if hey hold disunct par-fromthesamé source, they may unite 10 tlie claim.
From those depositions and exhibits, we are, however, thoroughly convinced, that the survey of Paul, as originally made, is correctly delineated upon the connected plat, by the letters PCD, and constitutes what is now claimed ^ the appej[ants as the true boundary,
a he plats and certificates oí surveys, aided by the connection of military surveys exhibited in the case, and for-tjgec] ancj explained by the weight of depositions, whilst demonstrate, beyond doubt, that Paul’s corners were not originally made at the termination of the distances call-e(j for ¡n the certificate of survey, prove, satisfactorily, that the boundary to which the appellants now claim, constituted the original boundary.
We are of opinion, therefore, that the court decided incorrectly in confining Paul’s survey to the courses and distances ca^ct' f°r- Rut upon the hypothesis of the boundary claimed by the appellants being sufficiently proven, it is contended that, as they derive their interest under that survey through seperate deeds and for several portions thereof, they ought not to have asserted their right to relief in a joint suit, and heneé it is urged, that the appellants’ bill should, for that cause, have been dismissed,
That, asá general proposition, several plaintiffs claiming distinct rights, are not permitted to unite in the same suit, certainly cannot be controverted; but the application of the rulé has never been made to that description of cases, where the rights asserted, though tor several portions oí the thing in contest, grew oui of, and depend upon, the same original equity, the validity whereof is involved, in the issue between the parties.
Thus whilst, as was held in the case cited from 2 Bibb, 314, it was irregular, in a bill for a specific execution of a contract, to unite several demands, originating under sep-erate contracts, for several distinct portions of land, it is clearly proper, as was decided in the case in 3 Bibb, 107, for those claiming several interests, but which are deduced through a common medium, to join in a suit lor the purpose of investigating their equity.
And so, we apprehend, as the equity claimed under the aurvey of Paul, is the common medium through which all the appellants claim, and forms the primary and only equity *485 involved in the issue between the parties, it was not improper for them to unite in the prosecution of the present suit.
Hardin for appellants, Haggin for appellee.
The decree of the court below* must, however, be reversed with cost, the cause remanded, and a decree there entered according to the principles of this opinion.